UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOWARD COHAN, | ) INJUNCTIVE RELIEF REQUESTED |
| Plaintiff, | ) |
| V | ) CASE NO.: |
| JEWEL FOOD STORES, INC., | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, HOWARD COHAN ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against JEWEL FOOD STORES, INC. ("Defendant") for violating the Americans with Disabilities Act, 42 U.S.C. §12182 et. seq, ("ADA") and seeks declaratory and injunctive relief, attorneys' fees, expenses and costs (including, but not limited to, court costs and expert fees) pursuant to the ADA. In support of this complaint, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §1331 for Plaintiff's claims arising under Title 42 U.S.C. §12182 et. seq., based on Defendant's violations of Title III of the ADA. *See also* 28 U.S.C. §§2201 and 2202 as well as the 2010 ADA Standards.

2. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to the lawsuit occurred in the Northern District of Illinois.

## PARTIES

3. Plaintiff, HOWARD COHAN is a resident of the state of Florida residing in Palm Beach County, Florida.

4. Except for the period of the pandemic in 2020 and 2021, Plaintiff frequently travels to Illinois and had averaged at least two (2) trips per year for the past ten (10) years. These trips to Illinois recently included at least five trips to the Chicago area during the last several years where he visits the suburbs, including Skokie and Wheaton, to visit friends, restaurants, and shop.

5. Defendant is engaged in the grocery store/pharmacy business under the name Jewl-Osco. On information and belief, it is the owner and/or lessor of the Real Property where it operates Jewel-Osco Store #3230 at 30 Danada Square W, Wheaton, IL 60189 ("Jewel – Wheaton) and operates Jewel-Osco Store #3465 at 9449 Skokie Blvd, Skokie, IL 60077. ("Jewel-Skokie")(collectively the "Premises").

6. The Premises are grocery stores with pharmacies located within the store and are, therefore, places of public accommodation.

7. Defendant is authorized to conduct and is, in fact, conducting business within the State of Illinois.

8. Plaintiff is an individual with numerous permanent disabilities including severe spinal stenosis of the lumbar spine with spondylolisthesis; severe spinal stenosis of the cervical spine with nerve root compromise on the right side; a non-union fracture of the left acromion (shoulder); a labral tear of the left shoulder; a full thickness tear of the right rotator cuff; a right knee medial meniscal tear; a repaired ACL and bilateral meniscal tear of the left knee; and severe basal joint arthritis of the left thumb. The above listed permanent disabilities and symptoms cause sudden onsets of severe pain and substantially limit Plaintiff's major life activities. As a result of these medical conditions, Plaintiff suffers body weakness, mobility limitations, abnormal gate, and abnormal balance. Additionally, his ability to lift, reach, bend, stretch and twist are substantially restricted.

9. As a result of these substantial restrictions in major life activities, the Plaintiff suffers from a "qualified disability" under the ADA. 42 U.S.C § 12101, *et seq*

10. At the time of Plaintiff's visit Jewel-Wheaton on July 23, 2025 and Jewel-Skokie on October 9, 2024 and again on July 21, 2025, (and prior to instituting this action), Plaintiff suffered from a "qualified disability" under the ADA, and required the use of fully accessible restrooms, including accessible bathroom stalls. Plaintiff personally visited the Premises, but was denied full and equal access and full and equal enjoyment of the facilities and amenities within the Premises, even though he would be classified as a "bona fide patron".

11. While Plaintiff does not pre-determine what violations, if any, exist, it is not uncommon for many of the grocery stores that he visits to have the same, or similar, ADA violations, because many have restrooms for their patrons to use while shopping.

12. Plaintiff is familiar with the Jewel-Osco brand used by Defendant because he has utilized the amenities of other Jewel-Osco stores in Illinois during other travels. As with the Defendant's Skokie and Wheaton Premises, other Jewel stores have failed to comply with the ADA and, as a result, have discriminated against Plaintiff and other persons with disabilities by maintaining architectural and other barriers that deny the disabled full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within the stores.

13. Completely independent of his personal desire to have access to places of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering and engaging discrimination against the disabled in public accommodations. When acting as a "tester", Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least of those that Plaintiff is able to access; tests all of those barriers of access to determine whether and

the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the public accommodation to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do.

**Count I**
**(Jewel-Wheaton Violations of the ADA**

1-13. Plaintiff incorporates paragraphs 1-13 above as paragraphs 1 through 13 of this Count I.

14. On July 21, 2025, Plaintiff visited the Defendant's Jewel-Wheaton Premises to determine whether it would be an adequate store for a person with disabilities to shop in, including himself, while visiting the Wheaton area.

15. Based on a preliminary inspection of the Jewel-Wheaton Premises, Defendant is in violation of 42 U.S.C. § 12182 et. seq. and the 2010 American Disabilities Act Standards, and is discriminating against Plaintiff as a result of, inter alia, the following specific barriers and violations that Plaintiff personally physically encountered and observed at the Premises, which Plaintiff also identifies as readily achievable:

**(1) Men's Restroom:**

a. Failing to provide proper signage for an accessible restroom or failure to redirect a person with a disability to the closest available accessible restroom facility in violation of 2010 ADAAG §§216, 216.2, 216.6, 216.8, 703, 703.1, 703.2, 703.5 and 703.7.2.1 and/or §§4.30 and 4.30.1 of the 1991 ADA Standards.

b. Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction that does not comply with standards 2010

ADAAG §§ 404, 404.1, 404.2, 404.2.4, 404.2.4.1 when resolution is readily achievable.

c. Providing an element or object(trash can) that protrudes greater than 4" into a pathway or space of travel situated between 27" and 80" high in violation of 2010 ADAAG §§204, 307, 307.1, 307.2.

d. Failure to provide the proper insulation or protection for the plumbing under a sink or countertop in violation of 2010 ADAAG§§606, 606.5 when resolution is readily achievable.

e. Failing to provide proper toe clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§306, 306.1, 306.2, 306.2.1, 606 and 606.2.

f. Failing to provide the correct height for a table surface or for a baby changing table, in violation of 2010 ADAAG §§902, 902.1, 902.2, 902.3, and/or §4.32.4 of the 1991 ADA Standards.

g. Failing to provide soap dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§606,606.1 and 308.

h. Failure to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor 2010 in violation of ADAAG§§603, 603.3 when resolution is readily achievable.

i. Failing to provide a coat hook that was previously positioned properly but is no longer in place for a person with a disability in violation of 2010 ADAAG §§603, 603.4 and 308.

j. Providing grab bars of improper horizontal length or spacing on the back or side wall in violation of 2010 ADAAG§§604, 604.5, 604.5.1, 604.5.2, 609, 609.4 when resolution is readily achievable.

k. Failure to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG§ 604, 604.2 when resolution is readily achievable.

**(2) Pathway to the Restroom:**

a. Failing to provide a doorway or walkway with a minimum clear width for person(s) with a disability in violation of 2010 ADAAG §§403, 403.5, 403.5.1 and 404.2.3.

16. The foregoing violations injured the Plaintiff directly and personally because they created barriers that denied him, as well as other disabled persons, full and equal access and full and equal enjoyment of the facilities, services, goods and amenities within the Premises that were afforded to able-bodied members of the community using the Premises.

17. As a result of the foregoing violations of the ADA, the Plaintiff determined that the Defendant did not welcome him and other disabled persons at the Jewel-Wheaton Premises because it continued to maintain discriminatory barriers long after the ADA became law in 1991 and years after the 2010 amendments became effective. As a result, the Plaintiff also suffered personal humiliation as a result of the Defendant's continuing discrimination against the disabled.

18. Plaintiff would like to be able to be a patron of the Jewel-Wheaton Premises in the near future and be able to enjoy the goods and services that are available to the able-bodied public, but is currently precluded from doing so as a result of Defendant's discriminatory conduct as described herein. Plaintiff will continue to be precluded from using the Premises until corrective

measures are taken at the Premises to eliminate the discrimination against persons with physical disabilities.

19. Plaintiff, in his individual capacity, will return to the Premises and avail himself to the services offered at the Jewel-Wheaton Premises when Defendant modifies the Premises and modifies the policies and practices to accommodate individuals who have physical disabilities.

20. Plaintiff is continuously aware of the violations at Defendant's Jewel-Wheaton Premises and is aware that it would be a futile gesture to return to the Jewel-Wheaton Premises as long as those violations exist. Plaintiff, however, is unwilling to suffer additional discrimination and humiliation by returning to a public place that is inaccessible to him and others with disabilities.

21. Additionally, Plaintiff, in his capacity as a tester, intends to return to the Wheaton area within the year, subject to his physical condition and weather, to determine if any of the previously discovered ADA violations at Defendant's Jewel-Wheaton Premises and other places of public accommodation have been rectified. If places have made agreements with Plaintiff to rectify any specific ADA violation, Plaintiff will also return within a reasonable time after the period for making the remediations have expired to confirm compliance.

22. Plaintiff has suffered, and will continue to suffer, direct and indirect injury as a result of Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA. It is Plaintiff's belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

23. Although Defendant is charged with having knowledge of the violations, Defendant may not have had actual knowledge of said violations until this Complaint made Defendant aware of same.

24. To date, the readily achievable barriers and violations of the ADA alleged in Paragraph 15 above still exist at the Jewel-Wheaton Premises and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

25. As the owner, lessor, lessee or operator of the Premises, Defendant is required to comply with the ADA. To the extent the Jewel-Wheaton Premises, or portions thereof, existed and were occupied prior to January 26, 1992, the owner, lessor, lessee or operator has been under a continuing obligation to remove architectural barriers at the Jewel-Wheaton Premises where removal was readily achievable, as required by 28 C.F.R. §36.402.

26. To the extent the Jewel-Wheaton Premises, or portions thereof, were constructed for occupancy after January 26, 1993 the owner, lessor, lessee or operator of the Jewel-Wheaton Premises was under an obligation to design and construct such Jewel-Wheaton Premises such that it is readily accessible to and usable by individuals with disabilities, as required by 28 C.F.R. §36.401.

27. To the extent the Jewel-Wheaton Premises, or portions thereof, were constructed for occupancy after January 26, 1993 the owner, lessor, lessee or operator of the Jewel-Wheaton Premises was under an obligation to design and construct such Premises such that it is readily accessible to and usable by individuals with disabilities, as required by 28 C.F.R. §36.401.

28. Pursuant to the ADA, 42 U.S.C. §12101 et. seq., and 28 CFR §36.304, Defendant was required to make the Jewel-Wheaton Premises, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. As of the date of the filing of this Complaint, Defendant has failed to comply with this mandate.

29. Plaintiff has retained undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by Defendant, pursuant to 42 U.S.C. §12205.

30. The violations alleged in paragraph 15 above are readily achievable to modify in order to bring the Jewel-Wheaton Premises into compliance with the ADA.

31. In the instances where the 2010 ADAAG Standards do not apply to the violations listed in paragraph 15 above, the 1991 ADA Standards apply.

32. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including entering an Order to alter the Premises to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA and closing the Premises until the requisite modifications are completed.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

a. This Court declare that the Jewel-Wheaton Premises owned, operated and/or controlled by Defendant is in violation of the ADA;

b. This Court enter an Order requiring Defendant to alter the Jewel-Wheaton Premises and/or its facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

c. This Court enter an Order directing Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow Defendant to undertake and complete corrective procedures to the Jewel-Wheaton Premises;

d. This Court award reasonable attorneys' fees, all costs (including, but not limited to the court costs and expert fees) and other expenses of suit to Plaintiff; and

e. This Court award such other and further relief as it may deem necessary, just and proper.

**Count II**
**(Jewel-Skokie Violations of the ADA**

1-13. Plaintiff incorporates paragraphs 1-13 above as paragraphs 1 through 13 of this Count II.

14. On October 9, 2024 and again on July 21, 2025, Plaintiff visited the Defendant's Jewel-Skokie Premises to determine whether it would be an adequate store for a person with disabilities to shop in, including himself, while visiting the Skokie area.

15. Based on a preliminary inspection of the Jewel-Skokie Premises, Defendant is in violation of 42 U.S.C. § 12182 et. seq. and the 2010 American Disabilities Act Standards, and is discriminating against Plaintiff as a result of, inter alia, the following specific barriers and violations that Plaintiff personally physically encountered and observed at the Premises, which Plaintiff also identifies as readily achievable:

**(1) Unisex #1 Restroom:**

a. Failing to provide proper signage for an accessible restroom or failure to redirect a person with a disability to the closest available accessible restroom facility in violation of 2010 ADAAG §§216, 216.2, 216.6, 216.8, 603, 703, 703.1, 703.2,703.4.2 and 703.7.2.1.

b. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4

c. Failing to provide a coat hook within the proper reach ranges for a person with a disability in violation of 2010 ADAAG §§603, 603.4 and 308.

d. Providing grab bars of improper horizontal length or spacing on the back or side wall in violation of 2010 ADAAG§§604, 604.5, 604.5.1, 604.5.2, 609, 609.4 when resolution is readily achievable.

e. Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG§§604,604.7 and 309.4 when resolution is readily achievable.

f. Failure to provide the proper insulation or protection for the plumbing under a sink or countertop in violation of 2010 ADAAG§§606, 606.5 when resolution is readily achievable.

g. Failing to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§309, 309.1, 309.3 and 309.4. (broken soap dispenser).

h. Failing to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§309, 309.1, 309.3 and 309.4. (baby changer broken).

i. Failing to provide operable parts that are functional as required for a person with a disability in violation of 2010 ADAAG §§309, 309.1, 309.3 and 309.4. (broken toilet seat)

**(2) Unisex #2 Restroom**

a. Failing to provide proper signage for an accessible restroom or failure to redirect a person with a disability to the closest available accessible restroom facility in

violation of 2010 ADAAG §§216, 216.2, 216.6, 216.8, 603, 703, 703.1, 703.2,703.4.2 and 703.7.2.1.

b. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4.

c. Failing to provide a coat hook within the proper reach ranges for a person with a disability in violation of 2010 ADAAG §§603, 603.4 and 308.

d. Failure to provide the proper insulation or protection for the plumbing under a sink or countertop in violation of 2010 ADAAG§§606, 606.5 when resolution is readily achievable.

e. Providing grab bars of improper horizontal length or spacing on the back or side wall in violation of 2010 ADAAG§§604, 604.5, 604.5.1, 604.5.2, 609, 609.4 when resolution is readily achievable.

f. Failing to provide operable parts that are functional as required for a person with a disability in violation of 2010 ADAAG §§309, 309.1, 309.3 and 309.4. (broken soap dispenser)

g. Failing to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of 2010 ADAAG §§604, 604.5., 604.5.1, 604.5.2, 609 and 609.4.

h. Failing to provide operable parts that are functional as required for a person with a disability in violation of 2010 ADAAG §§309, 309.1, 309.3 and 309.4. (Broken toilet seat)

i. Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG§§604,604.7 and 309.4 when resolution is readily achievable.

j. Failing to provide a doorway or walkway with a minimum clear width for person(s) with a disability in violation of 2010 ADAAG §§403, 403.5, 403.5.1 and 404.2.3.

16. As a result of the foregoing violations of the ADA, the Plaintiff determined that the Defendant did not welcome him and other disabled persons at the Jewel-Wheaton Premises because it continued to maintain discriminatory barriers long after the ADA became law in 1991 and years after the 2010 amendments became effective. As a result, the Plaintiff also suffered personal humiliation as a result of the Defendant's continuing discrimination against the disabled.

17. As a result of the foregoing violations of the ADA, the Plaintiff determined that the Defendant did not welcome him and other disabled persons at the Jewel-Wheaton Premises because it continued to maintain discriminatory barriers long after the ADA became law in 1991 and years after the 2010 amendments became effective. As a result, the Plaintiff also suffered personal humiliation as a result of the Defendant's continuing discrimination against the disabled

18. Plaintiff would like to be able to be a patron of the Jewel-Skokie Premises in the near future and be able to enjoy the goods and services that are available to the able-bodied public, but is currently precluded from doing so as a result of Defendant's discriminatory conduct as described herein. Plaintiff will continue to be precluded from using the Jewel-Skokie Premises until corrective measures are taken at the Premises to eliminate the discrimination against persons with physical disabilities.

19. Plaintiff, in his individual capacity, will return to the Premises and avail himself to the services offered at the Jewel-Skokie Premises when Defendant modifies the Premises and modifies the policies and practices to accommodate individuals who have physical disabilities.

20. Plaintiff is continuously aware of the violations at Defendant's Jewel-Skokie Premises and is aware that it would be a futile gesture to return to the Jewel-Skokie Premises as long as those violations exist. Plaintiff, however, is unwilling to suffer additional discrimination and humiliation by returning to a public place that is inaccessible to him and others with disabilities.

21. Additionally, Plaintiff, in his capacity as a tester, intends to return to the Skokie area within the year, subject to his physical condition and weather, to determine if any of the previously discovered ADA violations at Defendant's Jewel-Skokie Premises and other places of public accommodation have been rectified. If places have made agreements with Plaintiff to rectify any specific ADA violation, Plaintiff will also return within a reasonable time after the period for making the remediations have expired to confirm compliance.

22. Plaintiff has suffered, and will continue to suffer, direct and indirect injury as a result of Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA. It is Plaintiff's belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

23. Although Defendant is charged with having knowledge of the violations, Defendant may not have had actual knowledge of said violations until this Complaint made Defendant aware of same.

24. To date, the readily achievable barriers and violations of the ADA alleged in Paragraph 15 above still exist at the Jewel-Skokie Premises and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

25. As the owner, lessor, lessee or operator of the Premises, Defendant is required to comply with the ADA. To the extent the Jewel-Skokie Premises, or portions thereof, existed and were occupied prior to January 26, 1992, the owner, lessor, lessee or operator has been under a continuing obligation to remove architectural barriers at the Jewel-Skokie Premises where removal was readily achievable, as required by 28 C.F.R. §36.402.

26. To the extent the Jewel-Skokie Premises, or portions thereof, were constructed for occupancy after January 26, 1993 the owner, lessor, lessee or operator of the Jewel-Skokie Premises was under an obligation to design and construct such Jewel-Skokie Premises such that it is readily accessible to and usable by individuals with disabilities, as required by 28 C.F.R. §36.401.

27. To the extent the Jewel-Skokie Premises, or portions thereof, were constructed for occupancy after January 26, 1993 the owner, lessor, lessee or operator of the Jewel-Skokie Premises was under an obligation to design and construct such Premises such that it is readily accessible to and usable by individuals with disabilities, as required by 28 C.F.R. §36.401.

28. Pursuant to the ADA, 42 U.S.C. §12101 et. seq., and 28 CFR §36.304, Defendant was required to make the Jewel-Skokie Premises, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. As of the date of the filing of this Complaint, Defendant has failed to comply with this mandate.

29. Plaintiff has retained undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by Defendant, pursuant to 42 U.S.C. §12205.

30. The violations alleged in paragraph 15 above are readily achievable to modify in order to bring the Jewel-Skokie Premises into compliance with the ADA.

31. In the instances where the 2010 ADAAG Standards do not apply to the violations listed in paragraph 15 above, the 1991 ADA Standards apply.

32. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including entering an Order to alter the Premises to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA and closing the Premises until the requisite modifications are completed.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

f. This Court declare that the Jewel-Skokie Premises owned, operated and/or controlled by Defendant is in violation of the ADA;

g. This Court enter an Order requiring Defendant to alter the Jewel-Skokie Premises and/or its facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

h. This Court enter an Order directing Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow Defendant to undertake and complete corrective procedures to the Jewel-Skokie Premises;

i. This Court award reasonable attorneys' fees, all costs (including, but not limited to the court costs and expert fees) and other expenses of suit to Plaintiff; and

k. This Court award such other and further relief as it may deem necessary, just and proper.

Respectfully submitted,

HOWARD COHAN

By: *_/s/ Marshall J. Burt*
One of his attorneys

Marshall J. Burt, Esq.
The Burt Law Group, Ltd.
1338 S. Federal St. #L
Chicago, IL 60605
312-854-3833
marshall@mjburtlaw.com
IARDC #6198381